**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **IN RE:  STAR CHAIN, INC., ET AL.,** | **CHAPTER 11** |
|  | **Jointly Administered Under** |
| **Debtors.** | **CASE NO.  19-65768** |

**DECLARATION OF OMER CASURLUK**
**IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS**

I, Omer Casurluk, declare under penalty of perjury the following:

1.      I am the Chief Executive Officer of Star Chain, Inc. ("Star Chain").  Star Chain is the entity that manages the other business debtors in these jointly administered Chapter 11 cases, as well as other entities that are not in bankruptcy.  I am also an individual debtor in one of the jointly administered Chapter 11 cases.

2.      As the Star Chain CEO, I am responsible for assisting in the management of Star Chain's operations, overseeing Star Chain's liquidity management, and assisting with the restructuring process of Star Chain and its related entities.  I am familiar with the operations and financial affairs of Star Chain and its related entities, including all of the debtors in these jointly administered Chapter 11 cases.

3.      As directed by the Court at the October 4, 2019 hearing, I submit this declaration in support of the Debtors' Chapter 11 Petitions submitted on October 2, 2019, and their requests for relief contained in certain "First Day" applications and motions filed on or shortly after that date (the "First Day Motions").

4.      Except as otherwise indicated herein, all statements in this First Day Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, information supplied to me, in my capacity as CEO, by other members of the Debtors' management and the Debtors' advisors, or my opinion based on my experience, knowledge, or information concerning the Debtors' operations and financial condition.

5.      I am authorized to submit this First Day Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

## I.      Introduction & Background

### A.      Star Chain Corporate Structure

6.      I have 89.5% ownership of Star Chain.  Ahmet Cicek owns the remaining 10.5% of Star Chain.

7.      I am the managing member of Star Chain.

8.      For my services as Star Chain's CEO, I am paid a salary of $150,000 per year.  I am the only owner, officer, or director of Star Chain on its payroll.

### B.      Star Chain's Business Operations

9.      Star Chain is a privately held, Roswell, Georgia-based company that operates as the management company for all "US Star" debtors (and other "US Star" entities not debtors here). The US Star debtors operate restaurants with franchisors Checkers, Captain D's, Yogli Mogli, and Newks (the "Business").

10.     Star Chain is the 100% owner of debtor SC Restaurants Management, LLC.

11.     Star Chain holds an interest of 50% or more in each of the US Star Debtors.

12.     Star Chain maintains accounts with all US Star Debtors' vendors, including utilities and food service vendors.

**C.     SC Restaurants Management, LLC's Business Operations and Corporate Structure**

13.    SC Restaurants Management, LLC is wholly owned by Star Chain.

14.    I am the managing member of SC Restaurants Management, LLC.

15.    SC Restaurants Management, LLC has no business operations.

16.    SC Restaurants Management, LLC has no assets and no bank account.

**D.     The US Star Debtors' Business Operations and Corporate Structures**

17.    Each of the US Star Debtors operates franchised restaurants.

18.    US Star 1, LLC is owned by Star Chain (50%) and Ertan Orbay (50%). It operates three (3) Checkers restaurants.

19.    US Star 3, LLC is owned by Star Chain (75%) and Turan Kilic (25%). It operates one (1) Yogli Mogli restaurant.

20.    US Star 5, LLC is owned by Star Chain (50%) and Ozdal Etlik (50%). It operates one (1) Checkers restaurant.

21.    US Star 6, LLC is wholly owned by Star Chain. It operates three (3) Captain D's restaurants.

22.    US Star 8, LLC is owned by Star Chain (50%) and Fatih Demir (50%). It operates one (1) Yogli Mogli restaurant.

23.    US Star 9, LLC is owned by Star Chain (50%) and Musa Aksoy (50%). It operates one (1) Yogli Mogli restaurant.

24.    US Star 10, LLC is owned by Star Chain (50%) and Mehmet Bedir (50%). It operates one (1) Yogli Mogli restaurant.

25.    US Star 11, LLC is wholly owned by Star Chain. It operates one (1) Checkers restaurant.

26.    US Star 12, LLC is wholly owned by Star Chain. It operates one (1) Checkers restaurant.

27.    US Star 16, LLC is wholly owned by Star Chain.  It operates one (1) Checkers restaurant.

28.    US Star 17, LLC is owned by Star Chain (50%) and Salih Dincer (50%).  It operates one (1) Checkers restaurant.

29.    US Star 18, LLC is owned by Star Chain (50%) and Cross Seas International, LLC (50%). It operates one (1) Yogli Mogli restaurant.

30.    US Star 19, LLC is owned by Star Chain (50%) and Tet Food, LLC (50%).  It operates four (4) Checkers restaurants.  US Star 19, LLC has ownership interests in several other US Star entities, including some of the US Star Debtors.

31.    US Star 20, LLC is owned by Star Chain (75%) and Salih Dincer (25%).  It operates one (1) Checkers restaurant.

32.    US Star 21, LLC is owned by Star Chain (56.44%), Great Life Trade, LLC (16.41%), Murat Tosun (6.19%), Ugur Mertyurek (5.57%), Erdem LLC (6.19%), Cuneyt Dogan (4.6%), and Yusuf Ali Keles (4.6%).  It operates one (1) Checkers restaurant.

33.    US Star 26, LLC is owned by Star Chain (52%), Oktay Kotku (20.78%), Faruk Oktem (8%), Ugur Mertyurek (9%), and Bahadir Ceylan (11%).  It operates one (1) Checkers restaurant.

34.    US Star 27, LLC is owned by Star Chain (50%) and US Star 19, LLC (50%).  It operates one (1) Checkers restaurant.

35.    US Star 30, LLC is owned by Star Chain (52%), Oktay Kotku (20.78%), Faruk Oktem (8%), Ugur Mertyurek (9%), and Bahadir Ceylan (11%).  It operates one (1) Checkers restaurant.

36.    US Star 31, LLC is owned by Star Chain (50%) and US Star 19, LLC (50%).  It operates one (1) Checkers restaurant.

37.    US Star 32, LLC is owned by Star Chain (50%) and US Star 19, LLC (50%).  It operates one (1) Checkers restaurant.

38.    US Star 33, LLC is owned by Star Chain (50%) and US Star 19, LLC (50%).  It operates

one (1) Checkers restaurant.

39.    US Star 36, LLC is owned by Star Chain (50%) and Ismail Uslu (50%).  It operates one

(1) Checkers restaurant.

40.    US Star 39, LLC is owned by Star Chain (90%) and Hutton QSR, LLC (10%).  It operates

six (6) Newk's restaurants.

41.    US Star 41, LLC is wholly owned by Star Chain.  It operates three (3) Captain D's

restaurants.

### E.    Events Leading to Chapter 11 Filings

42.    Last year, Star Chain anticipated receiving an infusion of cash from certain investors, but

the money never came.  As a result, Star Chain and its affiliates took high-interest Merchant Cash

Advances from various lenders, which has put a strain on the Debtors' cash position.

### F.    Capital and Debt Structure

#### *Secured Debt*

43.    Many of the Debtors have common secured creditors.

44.    Wallis State Bank asserts a pre-petition first-priority security interest in all deposit

accounts, accounts receivable, inventory, and equipment of the following debtors:  Star Chain, US

Star 3, US Star 5, US Star 8, US Star 9, US Star 10, US Star 11, US Star 12, US Star 16, US Star

17, US Star 18, US Star 19, US Star 20, US Star 21, US Star 27, US Star 31, US Star 32, and US

Star 33, and US Star 36.

45.    Dallas Growth Capital and Funding, LLC d/b/a Sprout Funding ("Sprout Funding") asserts

a pre-petition first-priority security interest in all deposit accounts receivable, inventory, and

equipment of the following debtors:  US Star 6, US Star 26, US Star 30, and US Star 41.

46.     CIT Bank, N.A. ("CIT Bank") asserts a pre-petition first-priority security interest in all

deposit accounts, accounts receivable, inventory, and equipment of US Star 1.

47.     Byline Bank asserts a pre-petition first-priority security interest in all deposit accounts,

accounts receivable, inventory, and equipment of US Star 39.

48.     At the time of filing, Star Chain's assets were subject to the following additional liens, in

order of priority:  UCC 038-2019-000649 by an unknown creditor, CIT Bank, Quick Bridge

Funding, LLC ("Quick Bridge"), Sprout Funding, Opportunity Fund Community Development,

and UCC 07-2019-009812 by an unknown creditor.

49.     At the time of filing, US Star 1's assets were subject to the following additional liens, in

order of priority: Quick Bridge, EIN Cap, Inc., and UCC 038-2019-017575 by an unknown

creditor.

50.     At the time of filing, US Star 3's assets were subject to a second-priority lien by Quick

Bridge.

51.     At the time of filing, US Star 11's assets were subject to the following additional liens, in

order of priority:  CIT Bank, Quick Bridge, Sprout Funding, and UCC 038-2019-017576 by an

unknown creditor.

52.     At the time of filing, US Star 12's assets were subject to a second-priority lien by Sprout

Funding.

53.     At the time of filing, US Star 16's assets were subject to a second-priority lien by Sprout

Funding and a third priority lien by EIN Cap, Inc. ("EIN").

54.     At the time of filing, US Star 19's assets were subject to a second-priority lien by EIN.

55.     At the time of filing, US Star 20's assets were subject to a second-priority lien by Sprout

Funding and a third priority lien by EIN.

56.     At the time of filing, US Star 21's assets were subject to a second-priority lien by Pawnee

Leasing Corporation and EIN.

57.     At the time of filing, US Star 27's assets were subject to a second-priority lien by Sprout

Funding.

58.     At the time of filing, US Star 31's assets were subject to a second-priority lien by Sprout

Funding.

59.     At the time of filing, US Star 32's assets were subject to a second-priority lien by Sprout

Funding.

60.     At the time of filing, US Star 33's assets were subject to the following additional liens, in

order of priority:  Sprout Funding, EIN, and UCC 038-2019-016395 by an unknown creditor.

61.     At the time of filing, US Star 36's assets were subject to a second-priority lien by Sprout

Funding.

62.     At the time of filing, US Star 39's assets were subject to a second-priority lien by US

Foods, Inc.

## II.     First Day Motions

### A.     Debtors' Motion Authorizing Critical Vendor Status and to Pay Certain Pre-Petition Obligations [Dkt. 7]

63.     In the ordinary course of business, and as is customary with many businesses in Debtors'

industry, Star Chain contracts with McLane Company, Inc. ("McLane"), US Foods, Inc. ("US

Foods"), FreshPoint, Inc. ("FreshPoint"), Customized Distribution, LLC ("CDI"), and Gordon

Food Service, Inc. ("GFS", and collectively with McLane, US Foods, FreshPoint and CDI, the

"Food Service Vendors").

64.     The Food Service Vendors are the only vendors capable of providing franchised food items

to Debtors' restaurants.  Specifically, McLane services Debtors' Captain D's franchise locations;

US Foods and FreshPoint service Debtors' Newks franchise locations; CDI services Debtors' Checkers franchise loacations; and GFS services Debtors' Yogli Mogli franchise locations.

65.      The success of the franchises operated by the Debtors depends on consistent deliveries of proprietary food products.  If Debtors cannot pay the Food Service Vendors for the necessary proprietary food products, they will not be able to operate.

66.      All of the Food Service Vendors have accounts with Star Chain as the primary obligor, and all vendors are paid by Star Chain.

67.      As directed by the Court, Debtors are working together with the Food Service Vendors to agree upon critical vendor terms and will update the Court on the results at the Final Hearing.

**B.      Debtors' Motion for Authority to Maintain Existing Depository Bank Accounts and Cash Management System [Dkt. 12]**

68.      Before filing the Petition, the Debtors maintained thirty-nine (39) separate depository bank accounts at Bank of America, Chase Bank, Wells Fargo Bank, First Citizens Bank, and Regions Bank (collectively the "Accounts").  The Accounts were used for purposes of maintaining their cash flow, including the deposit of cash and credit card payments.  The Accounts are listed in Exhibit A, which is attached and incorporated here by reference.

69.      Each of the "US Star" debtors deposited or transferred all cash receipts and credit card receipts into its own Bank of America checking account, from which funds were swept nightly (the "Nightly Sweep") into Star Chain's account at Bank of America (the "Master Account").  Star Chain paid the "US Star" debtors' operating expenses and debt obligations from the Master Account using the Sage Accounting System, which it leases from an outside vendor.  Star Chain also managed the revenues and expenses of certain non-debtor entities through the Master Account and the Sage Accounting System.

70.     The Sage Accounting System has been effective for managing the cash flow between Star

Chain and the "US Star" debtors, and transfer to any new system would create a hardship for the

Business.

71.     As the Court directed in the Interim Order on Motion to Maintain Existing Depository

Bank Accounts and Cash Management System [Dkt. 41], Star Chain has opened a new account

that is designated as a Debtor-in-Possession account (the "DIP Account").   Star Chain is

implementing the Court's Order to redirect the Nightly Sweep from the other debtor entities to the

DIP Account. Funds from the Nightly Sweep of accounts of non-debtor entities managed by Star

Chain continue to be deposited into the Master Account, which has also been converted to a

Debtor-in-Possession account.

72.     I believe that maintaining the cash management system now in place would be in the best

interest of the Debtors and would create the least risk of accidental misdirection of funds during

the pendency of these Chapter 11 cases.

### C.  Debtors' Motions Authorizing Use of Cash Collateral [Dkt. 5 and 9]

73.     In order to effectively reorganize, all of the Debtors must have access to cash to pay

operating expenses of their business.  In particular, the Debtors must be able to pay employee

wages and benefits, utilities, and vendor invoices.  Should the Debtors' cash flow be restrained,

Debtors will likely suffer irreparable harm from loss of employee morale and employee attrition

and loss of customers.  In addition, if Debtors are unable to pay insurance and property taxes, their

businesses will be at significant risk of loss and might be unable to continue to operate.  The

Debtors' continued access to and authority to use cash collateral is critical to their ability to

effectively reorganize.

74.     As the Star Chain CEO, and based upon my knowledge of the Debtors' operations, it is my

opinion that the Debtors can effectively reorganize if they are permitted to continue to access and

use cash collateral under the terms set forth in the Court's Interim Order Authorizing Use of Cash

Collateral during the pendency of this case.

75.     Each of the US Star Debtors pays a management fee to Star Chain on a monthly basis.  Star

Chain also receives monthly management fees from non-debtor entities.

76.     Star Chain bills the US Star Debtors monthly based on 4% of each entity's revenues from

the prior month.  The US Star Debtors receive invoices from Star Chain monthly.

77.     Since the October 2, 2019, when the Debtors filed for bankruptcy protection, Star Chain

has received approximately $158,000 from the US Star Debtors.

78.     None of the Debtors have paid rent in the month of October.


Dated: October 18, 2019.

_____
Omer Casurluk, CEO
Star Chain, Inc.

| Legal Company Name | Bank | Account Number | Notes |
|---|---|---|---|
| Star Chain Inc | Bank of America | 2876 | |
| Star Chain Inc | Chase Bank | 7969 | |
| SC Investments | Bank of America | 6322 | |
| US Star 1 LLC, Checkers | Bank of America | 4199 | |
| US Star 1 LLC, Checkers | Bank of America | 1479 | |
| US Star 1 LLC, Checkers | Bank of America | 1181 | |
| US Star 3 LLC, Yogi Mogli | Bank of America | 1068 | |
| US Star 5 LLC, Checkers | Bank of America | 0862 | |
| US Star 6 LLC, Captain D's | Bank of America | 1783 | |
| | Bank of America | 1791 | |
| | Bank of America | 1809 | |
| | Bank of America | 9203 | |
| US Star 11 LLC, Checkers | Bank of America | 9259 | |
| US Star 12 LLC, Checkers | Bank of America | 2835 | |
| US Star 16 LLC, Checkers | Bank of America | 5984 | |
| US Star 17 LLC, Checkers | Bank of America | 9201 | |
| US Star 18 LLC, Yogi Mogli | Bank of America | 4120 | |
| US Star 19 LLC, Checkers | Bank of America | 4146 | |
| | Bank of America | 4138 | |
| | Bank of America | 4153 | |
| US Star 20 LLC, Checkers | Bank of America | 2960 | |
| US Star 21 LLC, Checkers | Bank of America | 5718 | |
| US Star 26 LLC, Checkers | Bank of America | 8218 | |
| US Star 27 LLC, Checkers | Bank of America | 2020 | |
| US Star 30 LLC, Checkers | Bank of America | 2640 | |
| | Regions | 3110 | |
| US Star 31 LLC, Checkers | Bank of America | 2988 | |
| US Star 32 LLC, Checkers | Bank of America | 5218 | |
| US Star 33 LLC, Checkers | Bank of America | 5457 | |
| US Star 36 LLC, Checkers | Bank of America | 4612 | |
| US Star 39 LLC, New... | Bank of America | 2971 | |
| | Bank of America | 2997 | |
| | Bank of America | 3011 | |

**EXHIBIT A**



**EXHIBIT A**