# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| STAR CHAIN, INC., et al ) | 19-65768-WLH |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| _____) | |

## OBJECTION TO CAPTAIN D'S NOTICE OF
## TERMINATION OF AUTOMATIC STAY

COMES NOW the Official Committee of Unsecured Creditors (the "Committee") and files this objection (the "Objection") to the Notice of Termination of Automatic Stay (the "Termination Notice") filed by Captain D's, LLC ("Captain D's") (docket no. 338). In support of this Objection, the Committee shows the Court as follows:

## BACKGROUND

1. The Court entered an order on December 6, 2019 regarding payment of amounts to Captain D's moving forward (the "Order") (docket no. 244). The Order specifically relates to Debtors US Star 6, LLC and US Star 41, LLC. The Order places tight deadlines on the payment of advertisement fees, co-op fees, and royalty fees. Specifically, the Order provides the foregoing are due: "on or before ten (10) days after the end of each 7-day period ending on Sunday of each week, provided that Captain D's shall send an invoice to the Debtors for each period for the amounts due within four (4) business days after the end of each 7-day period."

2. Creditors of the Debtors have a vested interest in assuring that Captain D's is paid in a timely manner. Accordingly, as a part of the Order, Captain D's was to provide Committee counsel invoices at the same time they were provided to the Debtors. The

Committee requested notice so that it could coordinate with the Debtors to assure timely payments to Captain D's.

3. The Order provides that if the Debtors fail to make a payment when due, then Captain D's may provide a notice of default. The Debtors then have five business days to cure any defaults. In addition, the Order provides that if a second notice of default is filed twice within a three-month period, then Debtors would not have an opportunity to cure the second such default.

4. Captain D's filed a first notice of default on December 27, 2019 (the "1st Notice"). The 1st Notice covered amounts due on December 25, 2019. Captain D's filed a second notice of default on January 2, 2020 (the "2nd Notice"). The 2nd Notice covered amounts due on January 1, 2020. In addition, on January 2, 2020, Captain D's filed the Termination Notice.

## **OBJECTION**

5. Rule 9006 is clear that if a period ends on a day that is Saturday, Sunday or a legal holiday, the period runs until end of the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Bankr. P. 9006(a)(1)(C). The amounts due under the 1st Notice and 2nd Notice both came due on a legal holiday (Christmas Day and New Year's Day respectively). Accordingly, the time period within which to pay the amounts due under both the 1st Notice and 2nd Notice rolled over until the next business day.

6. With respect to the 1st Notice, it is the Committee's understanding that the amounts due thereunder have been paid and were paid within the five day cure period under the Order.

7. With respect to the 2nd Notice, the amounts due thereunder were not even due when Captain D's filed the 2nd Notice. The amounts in the 2nd Notice were due on January 1, 2020. Pursuant to Rule 9006, because January 1, 2020 is a legal holiday, those amounts would not be due until January 2, 2020, the first business day following the holiday. It is the Committee's understanding that the amounts listed under the 2nd Notice for US Star 41 were paid on January 2, 2020 when they were due.[1] Accordingly, with respect to US Star 41, the 2nd Notice is invalid. There has been no default with regard to the US Star 41 amounts.

8. As mentioned above, when Captain D's sends invoices, they are required to copy the undersigned as Committee counsel. In the 2nd Notice, Captain D's lists a total of 27 invoices that remain unpaid. There is a serious issue, however, with Captain D's billing. Of the 27 invoices listed in the 2nd Notice, the undersigned has only received notice of 12 of the invoices. In addition, four of the invoices are dated 12/22/2019, but were not sent until 12/26/2019. How can the Debtors be held to strict compliance, when Captain D's is filing notice of default with regarding to invoices it has not sent? The invoices listed in the 2nd Notice are as follows:

| **Invoice #** | **Invoice Date** | **Invoice Received** |
|---|---|---|
| 173114 | 12/20/2019 | **Not Received** |
| 173657 | 12/20/2019 | Received 12/20 |
| 174448 | 12/22/2019 | **Not Received** |
| 173926 | 12/22/2019 | **Received 12/26** |
| 174449 | 12/22/2019 | **Not Received** |
| 173115 | 12/20/2019 | **Not Received** |
| 173658 | 12/20/2019 | Received 12/20 |
| 174450 | 12/22/2019 | **Not Received** |
| 173927 | 12/22/2019 | **Received 12/26** |
| 174451 | 12/22/2019 | **Not Received** |
| 173118 | 12/20/2019 | **Not Received** |
| 173661 | 12/20/2019 | Received 12/20 |
| 174456 | 12/22/2019 | **Not Received** |

---

[1] The Debtors are in discussions with Captain Ds regarding the future of US Star 6.

| | | |
|---|---|---|
| 173930 | 12/22/2019 | **Received 12/26** |
| 174457 | 12/22/2019 | **Not Received** |
| 173659 | 12/20/2019 | Received 12/20 |
| 174452 | 12/22/2019 | **Not Received** |
| 173928 | 12/22/2019 | **Received 12/26** |
| 174453 | 12/22/2019 | **Not Received** |
| 173660 | 12/20/2019 | Received 12/20 |
| 174454 | 12/22/2019 | **Not Received** |
| 173929 | 12/22/2019 | **Received 12/26** |
| 174455 | 12/22/2019 | **Not Received** |
| 173662 | 12/20/2019 | Received 12/20 |
| 174458 | 12/22/2019 | **Not Received** |
| 173931 | 12/22/2019 | **Received 12/26** |
| 174459 | 12/22/2019 | **Not Received** |

9. The purpose of the Order was to give Captain D's adequate protection that the Debtors would make timely payments. Captain D's cannot legitimately say that the Debtors are not trying to pay them on time. It is the Committee's understanding that there have been numerous conversations between the Debtors and Captain D's regarding the stores, payment of invoices and related matters. In addition, it is the Committee's understanding that the Debtors have in fact overpaid Captain D's on some prior invoices. Rather than use the overpayment to offset future amounts due, Captain D's elected to send a check back to the Debtors for the overpayments. There is no legitimate reason to not hold the funds from the overpayment and apply them to future invoices.

10. At this point, it is clear that Captain D's is playing games with these Debtors. Captain D's is doing what it can to manufacture defaults so that it can take the Debtors' stores back. There can only be so many reasons for not holding the overpayment for future invoices. It is hard to imagine a reason other than wanting to create a default unnecessarily.

11. The problem is, with regard to US Star 41, Captain D's jumped the gun in order to manufacture a default. Not only was the 2nd Notice sent a day too early, it also covers

invoices that were never sent.[2]  With regard to US Star 41, the Committee believes that there is value in the franchises; value that can be realized for the benefit of unsecured creditors of US Star 41.  Captain D's is not living up to the spirit of the Court's Order and is trying to manufacture defaults so that it can steal the value of the franchises to the detriment of unsecured creditors.

12. Captain D's is not entitled to relief from stay with regard to the US Star 41 stores.  The amounts due under the 2nd Notice were not due until January 2, 2020 and the Debtors paid those amounts on January 2, 2020.

WHEREFORE, for the foregoing reasons, the Committee objects to entry of any order that terminates the automatic stay with regarding to US Star 41.

Submitted this 2nd day of January 2020.

 

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Jason H. Watson
    Frank W. DeBorde
    Georgia Bar No. 215415
    Jason H. Watson
    Georgia Bar No. 741414

3343 Peachtree Road, N.E.
Suite 1600
Atlanta, Georgia 30326
(404) 233-7000

Counsel for the Official Committee of Unsecured Creditors

---

[2]  The Committee can only comments on the notices it received.

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Objection using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link as service on all parties that have filed a notice of appearance in this case under the Court's CM/ECF system, pursuant to BLR 5005-8.

This 2nd day of January 2020.

        Respectfully submitted,

        **MORRIS, MANNING & MARTIN, LLP**

        By: /s/ Jason H. Watson
            Jason H. Watson
            Georgia Bar No. 741414